UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS
AT KANSAS CITY, KANSAS

| | |
|---|---|
| **ASHLEY BELGUM**<br><br>**Plaintiff,**<br><br>vs.<br><br>**KRAMER & FRANK, P.C.**<br> Serve: Registered Agent<br>  James S. Frankel<br>  9300 Dielman Indus. Dr., Suite 100<br>  St. Louis, MO 63132<br><br>**Defendant.** | Case No.: _____ |

## COMPLAINT

Plaintiff Ashley Belgum, by and through undersigned counsel, for her Petition against Defendant Kramer & Frank, P.C. ("**K&F**"), states the following.

### NATURE OF THE CASE

1. This is a consumer action brought pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq*. ("FDCPA" or the "Act"). Plaintiff seeks actual and statutory damages and other relief from the Defendant.

### PARTIES AND JURISDICTION

2. Plaintiff Ashley Belgum is a natural person residing in Johnson County, Kansas.

3. Ashley Belgum is a "consumer" as that term is defined in §1692a(3) of the Act.

4. Upon information and belief, Defendant K&F is a foreign professional corporation that regularly collects or attempts to collect debts owed or asserted to be owed another in this District.

5. Upon information and belief, the alleged debts K&F collects or attempts to collect are in default at the time K&F begins collecting said alleged debts.

6. Upon information and belief, K&F uses U.S. Mail and other instrumentalities of interstate commerce in furtherance of its business operations.

7. Upon information and belief, K&F principal purpose is the collection of debts.

8. K&F is therefore a "debt collector" as defined by the FDCPA, specifically 15 U.S.C. § 1692a(6).

9. Subject matter jurisdiction of this Court arises under 28 U.S.C. §1331 and pursuant to 15 U.S.C. § 1692k(d).

10. Jurisdiction and venue in the District Court of Kansas are proper in that Plaintiff is a resident of Johnson County, Kansas, Defendant brought a suit against Plaintiff in this District, and Defendant regularly collect debts in Kansas.

11. With regards to venue, 28 U.S.C. § 1391(b)(2) provides that a civil action may be brought in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." In this case, all relevant events, transactions, and occurrences happened within this District.

12. Whenever it is alleged herein that Defendant(s) or persons acting on behalf of Defendant(s) did any act or thing, it is meant that said Defendant(s) performed, participated in, directed and/or ratified such act or thing, or that such act was performed by the officers, agents, employees, or representatives of Defendant(s) acting within the scope and course of employment and agency.

## FACTUAL BACKGROUND

13. On or about August 5, 2016, on behalf of its client, K&F filed suit against Ms. Belgum on an alleged student loan in the District Court of Johnson County, Kansas, case number 16LA06674 (the "State Case").

14. Ms. Belgum retained Lawson Law Center LLC and its attorneys as counsel for the State Case on or about August 24, 2016.

15. On or about August 29, 2016, Ms. Belgum's counsel electronically filed both an entry of appearance and Ms. Belgum's answer with the Court in the State Case.

16. In addition, also on August 29, 2016, Ms. Belgum's counsel faxed a copy of Ms. Belgum's answer to K&F's counsel.

17. On or about August 31, 2016, on behalf of its clients, K&F sent Ms. Belgum its First Requests for Admissions, First Interrogatories, and First Request for Production directly to Ms. Belgum's home address (hereinafter "the Discovery").

18. Ms. Belgum received and read the Discovery.

19. K&F knew or should have known that Ms. Belgum was represented by a lawyer

when K&F sent the Discovery to Ms. Belgum.

20. As a direct result of K&F's actions, Ms. Belgum suffered a violation of her statutory rights.

21. As a direct and proximate result of the Defendant's actions, Ms. Belgum suffered actual damages, including but not limited to aggravation, inconvenience, humiliation, embarrassment, frustration, and emotional distress generally.

### VIOLATIONS OF THE FAIR DEBT COLLECTIONS PRACTICES ACT

22. Plaintiff incorporates and realleges the paragraphs above as if fully restated here.

23. Pursuant to the FDCPA, a debt collector may not communicate with a consumer it knows to be represented by an attorney in connection with the collection of any debt. 15 U.S.C. §1692c(a)(2).

24. Pursuant to the FDCPA, a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. 15 U.S.C. §1692f.

25. By sending the Discovery directly to Ms. Belgum after her counsel entered an appearance, K&F communicated with a consumer it knew to be represented by an attorney in connection with collecting an alleged debt.

26. By communicating with a consumer it knew to be represented by an attorney in connection with collecting an alleged debt, K&F violated 15 U.S.C. §1692c(a)(2).

27. By sending the Discovery directly to Ms. Belgum after her counsel had already entered an appearance, K&F used unfair and/or unconscionable means to try to collect an alleged debt.

28. By using unfair and/or unconscionable means to attempt to collect an alleged debt, K&F violated 15 U.S.C. §1692f.

**WHEREFORE**, Plaintiff Ashley Belgum requests that this Court enter judgment against Defendant Kramer & Frank, P.C., and for the Plaintiff as follows:

(A)   Awarding actual damages as provided by 15 U.S.C. § 1692k(a)(1);

(B)   Awarding statutory damages in the amount of $1,000 to the Plaintiff as provided by 15 U.S.C. § 1692k(a)(2)(A);

(C)   Awarding Plaintiff her reasonable attorney's fees and costs as provided by 15 U.S.C. § 1692k(a)(3); and

(D) Granting such other and further relief as may be deemed just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all issues triable by jury.

Respectfully submitted,

**LAWSON LAW CENTER LLC**

/s/ Steven A. Shepherd
Terry L. Lawson, Jr. KS #20905
Steven A. Shepherd, KS #26466
1600 Genessee St., Ste. 923
Kansas City, MO  64102
(816) 802-6677
(816) 802-6678 fax
terry@llckc.com; steve@llckc.com
**ATTORNEYS FOR PLAINTIFF**